(A. R. D. 42)

PAGE N. GOFFIGON FOR ACCOUNT OF CHARLES R. ALLEN
v. UNITED STATES

Entry Nos. W–190; W–191; W–166.

Third Division, Appellate Term

(Decided May 14, 1954)

*John F. Kavanagh* for the appellant.

*Warren E. Burger*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the appellee.

Before EKWALL and JOHNSON, Judges

EKWALL, Judge: This is an application for review of the decision of Ford, J., sitting in reappraisement, reported in 30 Cust. Ct. 563, Reap. Dec. 8229. From a decision in favor of the defendant below, plaintiff below appeals.

The merchandise consists of grated coconut in sirup. The trial judge, after a thorough discussion of the evidence produced, found that there was no proof that other exporters than the one here involved were not freely offering and selling this same coconut, within the requirements of the statute, at prices equivalent to those found by the appraiser as the value of this merchandise. Based upon that finding, he held that the weight of the evidence was not sufficient to overcome the presumption of correctness attaching to the values

found by the appraiser, or to establish any other value for the merchandise. The appraised values were held to be the proper dutiable values in each instance.

When the case was argued before this division of the court on this application for review, counsel for appellant did not appear, but in a letter to the clerk of the court requested that the case be submitted on the brief filed in the court below and on the assignment of errors. At the oral argument, counsel for appellee moved that the application for review be dismissed on the ground that the assignment of errors presented no issues which are properly appealable, and on the further ground that said assignment of errors was not briefed nor argued at the hearing.

We find the motion to dismiss well founded. An examination of the assignment of errors discloses that it is such as could not have been covered by the brief filed before the trial court, nor do we find any authorities cited in support of the alleged errors. Moreover, the authorities hold that assignments of error not set out in briefs or not argued or supported by authorities are waived. See Fifth Decennial Digest (American Digest System, 1936 to 1946), volume 3, sec. 1078, pp. 1724, *et seq.*

In dismissing the application for review, we do so with no reluctance, since a careful perusal of the record discloses that the trial judge has properly evaluated the evidence presented before him.

The motion that the application for review be dismissed is, therefore, granted.